ANDREW L. TRACY, Respondent, v. ST. JOSEPH STOCK YARDS COMPANY, Appellants.

Kansas City Court of Appeals, March 4, 1901.

1. **Instructions:** EVIDENCE TO SUPPORT: NOTICE. An instruction should be based on the facts in the case, and an instruction set out in the opinion relating to giving the plaintiff notice of danger is condemned, since on the facts he had notice and the question was whether he received it in sufficient time to avoid the injury.

2. ———: ———: PLEADINGS. On the pleadings and evidence in this case defendant was entitled to certain refused instructions, withdrawing from the jury the question of the force with which the engine struck the car where the plaintiff was hurt, and the danger of his remaining in the car at the time he was injured.

Appeal from Buchanan Circuit Court.—*Hon. W. K. James,* Judge.

REVERSED AND REMANDED.

*Brown & Dolman* for appellant.

(1) The defendant was under no duty to inform the plaintiff every time it desired to move the car; under the most favorable aspect of the testimony it can not be said that defendant owed plaintiff any duty except to notify him when it required

the doors to be closed before moving the car. Negligence can not be affirmed of failure to do an act which the party sought to be charged is under no duty to perform. Barney v. Railroad, 126 Mo. 372. (2) The court erred in refusing to give to the jury the following instruction requested by defendant: "There is no evidence in this case that the defendant was guilty of any negligence with respect to the force with which its engine struck the car at which plaintiff was hurt." (3) The court erred in refusing to give to the jury the following instruction requested by defendant: "There is no evidence in this case, that it would have been unsafe or inconvenient for plaintiff to have remained in the car in which he was working, while it was being moved by defendant's engine, unless the doors of said cars should be clsoed." (4) The court erred in giving to the jury the instruction requested by plaintiff. This instruction is erroneous for the reason that it authorizes the jury to find against the defendant even though it did not know, and had no reason to anticipate, that plaintiff would attempt to leave the car; while on the contrary, it had every reason to believe that plaintiff would remain in the car where he would be perfectly safe.

*W. K. Amick* for respondent.

(1) The plaintiff was lawfully in the car and the servants of the defendant knew, or by the exercise of ordinary care could have known that the car washers were in the car. They owed plaintiff the duty to look out for his safety and to warn him of any danger in time for him to escape. 1 Thomp. on Neg. 461; Gessley v. Railroad, 32 Mo. App. 413; Spotts v. Railroad, 111 Mo. 380. (2) It was a question for the jury to determine under all the evidence whether or not under the circumstances, the force with which the engine struck the car was negligence.

(3) The instruction complained of in point 3 of appellant's brief should have been refused. It was plainly misleading. It might have been negligence for him to have .stayed in the car. Besides in getting out he obeyed the orders of his master as well as the orders and general custom of the agents of the stock yards company. (4) The instruction given on behalf of plaintiff was a proper instruction. That instruction, together with the other instructions given, fairly presents the law of the case. Any warning, or notice, given by defendant's servant was no warning at all, unless plaintiff had time thereafter to escape from danger.. Gressley v. Railroad, 32 Mo. App. 413; Spotts v. Railroad, 111 Mo. 380.

ELLISON, J.—The plaintiff brought this action to recover for personal injuries which were inflicted upon him by the alleged negligence of defendant. The judgment in the trial court was for the plaintiff.

In the operation of its business, defendant uses a switch engine and crew with which it moves cars from one place to another about its yards. Plaintiff was in the employ of Nelson Morris & Company, meat packers at St. Joseph, who used what are known as refrigerator cars in the shipment of meats. It was necessary to frequently cleanse these cars by washing them out, and plaintiff and a fellow workman named Kati were engaged in that labor when he received the injury of which complaint is made. The petition charges that defendant permitted the packing company to send its servants to these cars to wash them out while standing on defendant's switch tracks. That while plaintiff was engaged in cleaning a car the defendant's servants in charge of its switch engine, knowing that plaintiff was inside said car, without warning or notice to plaintiff, negligently and recklessly drove its engine, with a train attached thereto, violently and with great force against said car "and

suddenly put the same in motion while plaintiff was in the door thereof trying to get out of same, and before plaintiff had time to escape therefrom, and then and there and thereby threw plaintiff out of said car and down upon the ground," whereby he was injured, etc.

The evidence showed that refrigerator cars were made with double doors on either side which opened outwardly. That on account of the danger of these doors striking some one or breaking off at the hinge by opening out with great rapidity and force when the car was struck by or connected with a switch engine to be moved, an order had been issued to the engine crew not to strike or couple with a car until the doors had been closed. That on such occasions in hot weather, those working in the car would get out before the doors were closed, for fear of being left inside to suffocate. In practice, the order to close the doors before striking the car was carried out in this way: One of the crew would go to one side of the car and close the doors on that side. This was taken to be the signal that the car was to be moved and the men in the car would get out on the other side and close the doors. They got out by jumping to the ground, or going down a short ladder leading from the door to the ground. But if the car was only to be pushed a very short distance, the doors were not closed in such instance and the men remained inside.

At the time of the accident one of the engine crew came up on the south side of the car and closed one of the double doors; plaintiff, though somewhat deaf, heard the door close, put down his broom and looking round saw his companion in the act of getting out the north door. He then started to that door and by the time he got there the other south door was closed. He then got upon the short ladder and begun his decent to the ground. He had got but a part of the way down when the car was struck by the engine, the jar throwing plaintiff to the

ground whereby he was injured.

The only instruction given for plaintiff aside from the one on measure of damages, is as follows: "If the jury believe from the evidence that on or about August 31, 1899, the plaintiff was engaged in washing out a car for Nelson Morris & Company, located on defendant's switch tracks, and that he was in said car by and with the consent of the defendant, then plaintiff was lawfully in said car, and it was the duty of the defendant, when attempting to move said car, to use reasonable care in looking out for plaintiff's safety; and if the jury further believe that defendant's servants knew, or by the exercise of ordinary care could have known that plaintiff was in said car, and said servants did negligently and without giving any notice or warning to plaintiff that said car was about to be suddenly moved, run its engine and cars against said car, thereby causing said car to be suddenly moved, and that because of the shock thereof and without fault or negligence on plaintiff's part, the plaintiff, while attempting to get out of said car, was thrown down from the ladder at the car door and injured, then your verdict must be for the plaintiff."

The following offered by defendant were refused:

"5.    There is no evidence in this case that the defendant was guilty of any negligence with respect to the force with which its engine struck the car at which plaintiff was hurt.

"6.    There is no evidence in this case, that it would have been unsafe or inconvenient for plaintiff to have remained in the car in which he was working, while it was being moved by defendant's engine, unless the doors of said cars should be closed."

The instruction for plaintiff was not justified by the evidence: that is to say, it is not based on the facts of the case. The facts are that plaintiff was given the usual warning (which was sufficient, in this instance, for his companion to get out)

Tracy v. St. Joseph Stock Yards Co.

whereas, the instruction submits the case as though no notice or warning was given at all. The evidence discloses plaintiff's case to be one where he was notified to leave the car, but no sufficient time given him to get out. The evidence and the instruction are not in harmony.

There was evidence tending to show that in moving a car only a short space, the doors were not generally closed and the car cleaners were allowed to remain inside. Notwithstanding this, if the customary notice to the car cleaners to get out was for one of the engine crew to come to the car and tell them, or come to one side of the car and close the door, it being expected that the men would get out at the other side and close the doors after them; then when it is shown that one of the crew had closed the doors on one side, it will be assumed that the servant in charge of the engine knew that those inside would immediately begin to get out and he should not have moved the car until a reasonably sufficient time had elapsed for them to do so.

Taking into consideration the allegations of the petition, the instruction for plaintiff and the evidence in the cause, we are of the opinion that defendant should have been allowed its refused instructions numbered five and six. Whether at another trial, when the plaintiff's instruction is framed more in accord with the evidence, such instructions will be necessary we can not say in advance of knowing whether a new hearing will put any different phase on the case.

The judgment will be reversed and cause remanded. *Smith, P. J.,* concurs; *Broaddus, J.* not sitting.